JOHN R. McMILLAN, ESQ.
Nevada Bar No. 00925
jrm@flangasmcmillan.com
JESSICA K. PETERSON, ESQ.
Nevada Bar No. 10670
jkp@flangasmcmillan.com
FLANGAS MCMILLAN LAW GROUP
3275 South Jones Blvd., Suite 105
Las Vegas, Nevada 89146
Telephone: (702) 307-9500
Facsimile: (702) 382-9452
*Attorneys for Plaintiffs*

JONATHAN W. BARLOW
jonathan@barlowflakelaw.com
JORDAN FLAKE
Jordan@barlowflakelaw.com
BARLOW FLAKE LLP
50 S. Stephanie St., Ste. 101
Henderson, Nevada 89012
*Attorneys for Defendants David Yoches,
Lou Gerber, and Jim Raubolt*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| PARIS G. AREY, BOUARI CLINIC OF ALABAMA, LLC, BABISCO, INC., RITA AND PARIS AREY IRREVOCABLE TRUST, CHUCK CHIONUMA, APEX CLINICS, LLC, OVERLAND CLINICS, INC., BRUCE MILLS, PAM MILLS, BENTLYE BEAUTY LLC, EDEN BC LLC, WENDY THOMPSON DIFULCO, CHARLES ANTHONY DIFULCO, JR., WENTON CORP., LLC, DIFCO, LLC, DOUG CHRUMA, KIM CHRUMA, DKENTERPRISES, L.L.C., DANIEL NETTLES, JENNIFER NETTLES, NETTLES WEST, LLC d/b/a BOUARI CLINIC OF HARVEY, KAREN SIGUR, PATRICK SIGUR, JR., and A NEW WEIGH OF LOUISIANA, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BOUARI INTERNATIONAL FRANCHISE, LLC, A NEW ME LC, A NEW ME BUSINESS, LLC, BOUARI'S CLOSET, L.L.C., THE JAGE TRUST, JOHN DOE, TRUSTEE, EMILE E. BOUARI, CAROL ANN CHANEY, FRANCHISE GROWTH SYSTEMS, INC., DAN OLSEN, MATT OLSEN, DAVID YOCHES, KEVIN ROMNEY, LOU GERBER, and JIM RAUBOLT<br><br>Defendants. | CASE NO.: 2:13-cv-01372-APG-WGF<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiffs and defendants David Yoches, Jim Raubolt, and Lou Gerber (collectively, the "Broker Defendants") agree to the terms and conditions of this Stipulated Protective Order (the "Agreement"). The parties to this Agreement agree that a protective order concerning discovery materials is necessary to protect the integrity and confidentiality of certain information, the rights of each of the parties and the rights of certain third parties. It is therefore stipulated and agree

As used herein, the terms listed below shall have the following meanings:

(a) "Information" shall mean any documents (including, without limitation, answers to interrogatories, oral depositions, writings, drawings, schematics, formulas, plans, drafts, charts, phonograph records, tapes, computer tapes and discs, and any other information in any form), tangible things or other sources of information heretofore or hereafter produced or examined pursuant to or as a result of any form of discovery in this case, whether by interrogatories, request for production of documents, subpoena *duces tecum*, deposition, or other method of discovery, formal or informal, by or against a party, or any of such party's present or former officers, agents, directors, employees, consultants or other representatives, as well as all information heretofore or hereafter derived therefrom, and all copies, excerpts and summaries thereof.

(b) "Producing Party" means the person or entity producing such Information or the person or entity with respect to whom any present or former officer, agent, director, employee, consultant or other representative is producing such Information.

(c) "Inspecting Party" means the party receiving and reviewing such Information.

2. Any Producing Party may designate as "Attorneys Eyes Only" any Information produced to any other person, entity or party by Producing Party pursuant to or as a result of Discovery in this case. Any such designation shall be made in good faith by the party making the designation that the designated material is reasonably confidential.

3. The designation of Information as Attorneys Eyes Only shall be made by the Producing Party by placing or affixing a stamp or marking upon the document (in such a manner as will not interfere with the legibility thereof) an appropriate notice such as "ATTORNEYS EYES ONLY". The party disclosing Attorneys Eyes Only Information shall have the right to exclude from attendance at the deposition during such times as the Attorneys Eyes Only is to be disclosed, any person other than those who are set forth herein and who are allowed to have access to Attorneys Eyes Only Information by the terms of this Order.

4. No person receiving Attorneys Eyes Only Information shall disclose any such Attorneys Eyes Only Information to anyone, other than the Court, except as may be specifically authorized by this Order. Notwithstanding anything to the contrary herein, this Order shall not apply (a) to any Information which is or becomes public, other than as a result of a violation of this Order or any other similar order, (b) to an Inspecting Party, its attorneys, agents, representatives and employees, as to any Information which is disseminated to or otherwise received by any Inspecting Party, where the dissemination or receipt of such Information did not result from or have any connection with Discovery in this case, (c) to a Producing Party, its attorneys, agents, representatives and employees, as to any Information of such Producing Party produced by such Producing Party pursuant to or as a result of Discovery in this case, or (d) to any Attorneys Eyes Only Information of a Producing Party to the extent such Producing Party in writing authorizes such Information to be released.

5. Counsel for any Inspecting Party shall not disclose, make available or communicate Attorneys Eyes Only Information to any other person except:

(a) Such counsel may disclose Information designated as Attorneys Eyes Only hereunder to attorneys, paralegals, clerical, accounting and support staff personnel directly and regularly employed by such counsel in connection with this lawsuit, to the extent

that such disclosure is necessary, in such counsel's reasonable judgment, for the prosecution or defense of this case.

    (b)    Counsel for an Inspecting Party may disclose Information which has been produced and designated Attorneys Eyes Only to experts and consultants who are directly employed or retained in connection with this action by counsel for the parties provided, however, that the following procedures and restrictions shall apply:

    (1)    no person to whom Information designated as Attorneys Eyes Only has been disclosed shall use such Information except for the prosecution or defense of this action;

    (2)    counsel for an Inspecting Party or Parties disclosing Information designated as Attorneys Eyes Only to any person designated in this paragraph 6(b) shall, prior to disclosure, obtain a written agreement of any such person to whom disclosure is made to be bound by the terms of this Order in the following form: "I hereby acknowledge that information is to be made available to me which has been designated as proprietary or confidential, and that such information is provided to me solely for the purposes of assisting counsel of record or giving testimony in the case styled *Paris Arey et al. v. Bouari International Franchise. LLC et al.,* United States District Court for the District of Nevada, Case 2:13-cv-01372-APG-WGF. I understand that I am prohibited by an Order of this Court from employing such information for any other purpose and from disseminating such information to any individual who is not equally bound with respect to the use thereof. I understand that any written Attorneys Eyes Only Information which I receive or which is otherwise in my possession is to remain in my personal custody until such information is no longer needed for the prosecution or defense of such case, whereupon it is to be returned to counsel who provided me with said material." (Exhibit 1.);

    (c)    Attorneys Eyes Only Information may be used in connection with a deposition of any person, provided that the witness, the court reporter and any other person

recording such deposition, shall be informed of the contents of this Order prior to the submission to such witness of such Information, and such person(s) shall then be bound by the terms of this Order. Further, such witnesses may only be shown copies of the Attorneys Eyes Only Information during their testimony in depositions and may not retain them.

(d) Attorneys Eyes Only Information may be disclosed to the Court and its staff.

6. In the event that counsel for either party determines in good faith that the prosecution or defense of this action requires that Attorneys Eyes Only Information be disclosed to persons not otherwise authorized herein, such counsel shall provide the other party written notice by facsimile or hand delivery of the intended disclosure (which shall specify with particularity the Attorneys Eyes Only Information to be disclosed and the identity of the otherwise unauthorized person). This written notice shall be given not less than ten (10) business days prior to intended disclosure, or such shorter period as is mutually agreeable to the parties in any particular case. If, within ten (10) business days after receipt of such notice, a party objects in writing to such disclosure, the Attorneys Eyes Only Information shall not be disclosed unless the Court so orders. Counsel for the Inspecting Party and counsel for the Producing Party shall consult in good faith to resolve the matter. Among other things, counsel shall consider whether (i) additional requirements and procedures regarding such Information, and/or (ii) redacting selected portions of such Information, would afford sufficient protection to the confidentiality of such Information while still permitting such Information to be used as believed necessary by counsel for the Inspecting Party. Counsel for any party may apply to the Court for relief if any matter arising under this paragraph cannot be resolved in good faith. Counsel for an Inspecting Party and counsel for a Producing Party shall further seek in good faith to avoid unnecessary disputes under this paragraph.

7. Attorneys Eyes Only Information developed, revealed or included within any Discovery proceedings, formal or informal, whether in the form of depositions, transcripts, interrogatory answers, document production, or contained in motions, affidavits, briefs or other documents submitted to the Court, properly submitted as such, shall be subject to this Order, and the

Clerk of the Court is directed to maintain such Information under seal and such Information shall be made available only to the Court and to counsel in this proceeding until further order of the Court.

8. Either party may challenge any or all Attorneys Eyes Only designations of the Producing Party by written notice in accordance with this paragraph. If any party elects to challenge any designation of Attorneys Eyes Only of any documents or Information pursuant to this Order, that party shall provide the Producing Party ten (10) days advance written notice and afford the Producing Party an opportunity to voluntarily remove such designation. The Producing Party shall, within ten (10) days of the receipt of such notice, remove the confidentiality designation in writing or the Inspecting Part shall have the right to file a written motion with the Court for an order amending or removing the confidentiality designation. Each such motion shall be accompanied by one copy of each document, response or portion of transcript challenged. The motion and accompanying materials shall be filed under seal as provided in this Order, and the confidentiality of such Information shall remain protected until the Court shall order otherwise. The burden of proving to the Court's satisfaction that the challenged materials should remain subject to the terms of this Order shall be with the Producing Party. The parties shall attempt to resolve any such challenge by agreement prior to the time for filing of a motion as herein provided.

9. Upon the final determination or adjudication of this action, all documents, transcripts of testimony, answers to interrogatories, or other Information designated as Attorneys Eyes Only under this Order, and all copies thereof, in the custody of counsel for the respective parties and those to whom such counsel have disclosed such Information shall, at the expense of the Producing Party, be delivered by said counsel to counsel for the respective Producing Parties, or at the option and expense of the respective Producing Party, destroyed. At the same time the Clerk of the Court shall return to the respective Producing Parties all such Attorneys Eyes Only Information.

10. Any party may apply to the Court, on reasonable notice to the other parties, for relief from or modification of any provision of this Order. Any disputes concerning objections and other matters falling within the scope of, or relating to the interpretation of, this Order shall be submitted for ruling by the Court. To the extent that hearings on such matters require the disclosure of

Attorneys Eyes Only Information, all persons not specifically authorized to review such Information under the provisions hereof shall be excluded from such hearings. Transcripts of such hearings, as well as motions, briefs and other papers filed with the Court in connection therewith, which reveal such Attorneys Eyes Only Information, shall be maintained by the Clerk in sealed envelopes or containers marked "Confidential – Subject to Confidentiality Order" and access to such material shall be limited to those persons authorized under the provisions hereof to review such Information.

11. Nothing herein contained shall prevent the use of any Attorneys Eyes Only Information in any pretrial, trial, or other hearing or proceeding in this litigation. Transcripts of such hearings and proceedings, as well as motions, briefs and other papers filed with the Court in connection therewith which reveal such Attorneys Eyes Only Information, shall be maintained by the Clerk in sealed envelopes or containers marked "Confidential Information – Subject to Confidentiality Order"; and access to such material shall be limited to those persons authorized to review such Information under the terms of this Order. The parties reserve their rights to request such further Orders with respect to the treatment of Attorneys Eyes Only Information at any trial of this case, as such parties may deem appropriate.

12. Nothing in the foregoing provisions regarding confidentiality shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on an examination of Attorneys Eyes Only information; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the foregoing provisions.

13. (a) The inadvertent, unintentional or in camera disclosure of confidential documents and Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

(b) If a Producing Party realizes that it has inadvertently produced material it considers confidential without so making it, it may notify the Inspecting Party of the mistake. Upon receiving such notice, the Inspecting Party will treat such material and the Information contained therein as Attorneys Eyes Only hereunder, and shall promptly either

1  so mark such material or shall return the material, un-copied, to the Producing Party, who
2  shall then promptly mark the material as Attorneys Eyes Only and again deliver it to the
3  Inspecting Party.
4        14.    Any provision in this Order may be modified by the Court upon motion by any
5  party. Nothing in this Order shall prejudice or adversely affect any party's ability to seek and
6  receive a modification of this Order.

26  ///
27  ///
28  ///

15. In order to permit Discovery to proceed without further delay, the parties agree that this Stipulated Protective Order shall be effective from the date on which it is executed by counsel for the parties and shall apply and be enforceable from that date forward.

The Parties, through their undersigned counsel, do hereby agree to the terms of this Stipulated Protective Order.

SUBMITTED BY:

/S/ John R. McMillan, Esq.
Attorney for Plaintiffs
JOHN R. McMILLAN, ESQ.
Nevada Bar No. 00925
jrm@flangasmcmillan.com
JESSICA K. PETERSON, ESQ.
Nevada Bar No. 10670
jkp@flangasmcmillan.com
FLANGAS MCMILLAN LAW GROUP
3275 South Jones Blvd., Suite 105
Las Vegas, Nevada 89146
Telephone: (702) 307-9500
Facsimile: (702) 382-9452
*Attorneys for Plaintiffs*

/S/ Jordan Flake, Esq.
JONATHAN W. BARLOW
jonathan@barlowflakelaw.com
JORDAN FLAKE
Jordan@barlowflakelaw.com
BARLOW FLAKE LLP
50 S. Stephanie St., Ste. 101
Henderson, Nevada 89012
*Attorneys for Defendants David Yoches,
Lou Gerber, and Jim Raubolt*

**SO ORDERED.**

DATED: December 13, 2013

*George Foley Jr.* (signature)
GEORGE FOLEY, JR.
United States Magistrate Judge

# EXHIBIT 1

## ACKNOWLEDGMENT

I hereby acknowledge that information is to be made available to me which has been designated as proprietary or confidential, and that such information is provided to me solely for the purposes of assisting counsel of record or giving testimony in the case styled *Paris Arey et al. v. Bouari International Franchise. LLC et al.*, United States District Court for the District of Nevada, Case 2:13-cv-01372-APG-WGF. I understand that I am prohibited by an Order of this Court from employing such information for any other purpose and from disseminating such information to any individual who is not equally bound with respect to the use thereof. I understand that any written Attorneys Eyes Only Information which I receive or which is otherwise in my possession is to remain in my personal custody until such information is no longer needed for the prosecution or defense of such case, whereupon it is to be returned to counsel who provided me with said material.

Date: _____