# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PARIS G. AREY, et al., <br>  Plaintiffs, <br> v. <br> BOUARI INTERNATIONAL FRANCHISE, LLC, et al., <br>  Defendants. | Case No. 2:13-cv-001372-APG-GWF <br><br> **ORDER ON MOTION FOR DEFAULT JUDGMENT** <br><br> (Dkt. #93) |

On February 11, 2015, default was entered against several defendants. (Dkt. #91.) On December 11, 2015, Plaintiffs moved for entry of default judgment. (Dkt. #93.) Subsequently, I set aside default as to defendants Dan Olsen, Matt Olsen, and The Jage Trust based upon plaintiffs' failure to property serve them. The entry of default remains valid as to defendants Bouari International Franchise, LLC; A New Me, LC; A New Me Business, LLC; Bouari's Closet, LLC; Carol Ann Chaney; and Franchise Growth Systems, Inc. Thus, I now consider entry of default judgment against those defendants.

Upon entry of default, I take as true the factual allegations in the complaint. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977)). Nonetheless, "[e]ntry of default does not entitle the [plaintiff] to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (quoting *Valley Oak Credit Union v. Villegas*, 132 B.R. 742, 746 (9th Cir. BAP 1991)). I must consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th

Cir. 1986). The plaintiffs bear the burden of establishing that entry of default judgment is warranted. As a general rule, default judgments are disfavored. *Id.* at 1472. Ultimately, whether a default judgment will be granted is within my discretion. *See Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 511–12 (9th Cir. 1986); *Eitel*, 782 F.2d at 1471; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Based on the *Eitel* factors, entry of default judgment is appropriate in this case against these defendants, but not for the entire amounts requested by the plaintiffs. The complaint adequately pleads the plaintiffs' claims and supporting allegations. Those allegations, taken as true and combined with the various affidavits attached to the motion, support the merits of the plaintiffs' claims and most of the damage amounts requested. The plaintiffs lost significant sums of money investing in failed franchises based upon the defendants' actions and misrepresentations. It would be unfair and prejudicial to the plaintiffs to force them to incur substantial additional amounts proceeding with this lawsuit when the defaulted defendants have shown no interest in defending this action. *See Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F.Supp.2d 916, 922 (C.D. Cal. 2010). Although courts prefer cases be decided by trials, here the defendants' defaults were not due to excusable neglect and the objective facts alleged in the complaint indicate that there is little likelihood of a factual dispute. (*See, e.g.*, Dkt. #1 at ¶¶ 135 - 142.) Thus, I will grant entry of default judgment against defendants Bouari International Franchise, LLC; A New Me, LC; A New Me Business, LLC; Bouari's Closet, LLC; Carol Ann Chaney; and Franchise Growth Systems, Inc.

The complaint and the plaintiffs' affidavits provide sufficient bases for awards of compensatory damages. Those documents also demonstrate that the actions and misrepresentations of the defendants were made with oppression, fraud, or malice. Therefore, the plaintiffs are entitled to recover punitive damages as well. I find double damages to be the appropriate punitive amount.

The plaintiffs also request awards of the attorneys' fees they incurred in connection with this matter. (Dkt. #93.) However, they do not present any billing statements or other evidence to support their requests. The conclusory statements of amounts in the affidavits from counsel are insufficient. (Dkt. #93-5, Exh. T.) Similarly, several of the plaintiffs' affidavits request "$100,000

in development costs and attorney fees" without explaining what "development costs" are and without providing any evidentiary support for that request. (*See, e.g.,* Dkt. #93-2 at 18, 23; Dkt. #93-3 at 5, Dkt. #93-5 at 5.)  Thus, the plaintiffs' requests for attorneys' fees and "development costs" are denied.

IT IS HEREBY ORDERED that the motion for default judgment **(Dkt. #93) is GRANTED IN PART.**  Default Judgment shall be entered in favor of each of the plaintiffs and against defendants Bouari International Franchise, LLC; A New Me, LC; A New Me Business, LLC; Bouari's Closet, LLC; Carol Ann Chaney; and Franchise Growth Systems, Inc., jointly and severally, as follows:

1.  Paris G. Arey, Babisco, Inc., Bouari Clinic of Alabama, LLC, and the Rita and Paris Arey Revocable Trust are awarded $204,000 in damages plus $408,000 in punitive damages for a total award of $612,000.

2.  Chuck Chionuma, Apex Clinics, LLC, and Overland Clinics, Inc. are awarded $230,000 in damages plus $460,000 in punitive damages for a total award of $690,000.

3.  Bruce Mills, Pam Mills, Bentlye Beauty, LLC, and Eden BC, LLC are awarded $420,000 in damages plus $840,000 in punitive damages for a total award of $1,260,000.

4.  Wendy Thompson DiFulco, Charles Anthony DiFulco, Wenton Corp., LLC, and Difco, LLC are awarded $476,000 in damages plus $952,000 in punitive damages for a total award of $1,428,000.

5.  Karen Sigur, Pat Sigur, and A New Weigh of Louisiana, LLC are awarded $151,700 in damages plus $303,400 in punitive damages for a total award of $455,100.

6.  Kim Chruma, Doug Chruma, and DKENTERPRISES, LLC are awarded $337,131.66 in damages plus $674,263.32 in punitive damages for a total award of $1,011,394.98.

/ / / /

/ / / /

/ / / /

/ / / /

7. Jennifer Nettles, Daniel Nettles, and Nettles West, LLC d/b/a Bouari Clinic of Harvey are awarded $400,000 in damages plus $800,000 in punitive damages for a total award of $1,200,000.

Dated: January 22, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE